IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* GEORGE SANTOS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO. 1:19-cv-262-TFM-N ) |
| EASTERN SHORE HEART CENTER, INC., f/k/a EASTERN SHORE CARDIOLOGY, P.C., *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is the *Joint Stipulation of Dismissal*. Doc. 32, filed August 31, 2023. Plaintiff United States of America ("the United States"), Relator Samuel C. Clemmons, and Defendants Vaughan Regional Medical Center, LLC, and LifePoint Hospitals, Inc., stipulate the parties have entered into a settlement agreement and this matter may be dismissed, subject to the terms of the Settlement Agreement, with each party to bear its own costs. *Id.* As to the United States, the parties state the action may be dismissed with prejudice only as to the "Covered Conduct" that is released in the Settlement Agreement, pursuant to the terms of said agreement, and without prejudice as to any other claims. *Id.* As to Relator Clemmons, the parties state all of his claims may be dismissed with prejudice, subject to the terms of the Settlement Agreement. *Id.*

The Federal Rules of Civil Procedure permit a plaintiff to voluntarily dismiss the action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(i)-(ii). Fed. R. Civ. P. 41(a)(2) provides "an action may be dismissed at plaintiff's request . . . by court order, on terms that the court considers proper."

The parties jointly filed their stipulation pursuant to Fed. R. Civ. P. 41(a), and it is signed by counsel for all of the parties in this matter. Doc. 32. The False Claim Act does not appear to require the Court's approval of a settlement where, as here, the United States has intervened and both the United States and the Relator support a settlement agreement with the defendants – which would dispose entirely of the action.[1] Thus, stipulation to dismissal appears appropriate. Nevertheless, to the extent there is any question, it is also clear the Court may dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2). The distinction is whether the document filed is immediate and self-effectuating which is the case under Rule 41(a)(1). *See Estate of West v. Smith*, 9 F.4th 1361, 1367-1368 (11th Cir. 2021) (noting that a Rule 41(a)(1) is a self-executing rule that is effective immediately, that any court order is a nullity, and divests the Court of jurisdiction.). Whereas Rule 41(a)(2) requires Court approval.

Accordingly, the Court considers the parties' Joint Stipulation of Dismissal (Doc. 32) as one filed under Fed. R. Civ. P. 41(a)(1)(A)(ii) and, thus, self-effectuating as written. Therefore, as to Plaintiff United States of America, this action is **DISMISSED with prejudice** only as to the "Covered Conduct" that was released in the Settlement Agreement, pursuant to the terms of said agreement, and **DISMISSED without prejudice** as to any other claims, and as to all of Relator Clemmons's claims, this action is **DISMISSED with prejudice**, subject to the terms of the Settlement Agreement. Costs are taxed as paid.

However, to the extent that Court approval would have been required under Fed. R. Civ. P. 41(a)(2), it would be **GRANTED**, and this action **DISMISSED** pursuant to the terms of the parties' stipulation as noted above.

---

[1] Had the request for dismissal been over the Relator's objection, it is clear the Court would have had to hold a hearing and evaluate the settlement terms. *See* 31 U.S.C. § 3730(c)(2)(A), (B). The Court's role, if any, appears less clear when all of the parties agree to a settlement.

The Clerk of the Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this the 14th day of September 2023.

                                                s/Terry F. Moorer
                                                TERRY F. MOORER
                                                UNITED STATES DISTRICT JUDGE